UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BOUCHARD TRANSPORTATION CO., INC., M/V DONNA J BOUCHARD CORP., B.NO. 272 CORP., M/V KIM M BOUCHARD CORP., AND B.NO. 270 CORP.<br><br>                      Plaintiffs<br>VERSUS<br>VT HALTER MARINE, INC.<br><br>                      Defendant | CIVIL ACTION NO.:<br><br>SECTION:<br><br>JUDGE:<br><br>MAGISTRATE |

**COMPLAINT**

NOW INTO COURT, through undersigned counsel, come Plaintiffs, Bouchard Transportation Co., Inc., M/V Donna J Bouchard Corp., B.No. 272 Corp., M/V Kim M Bouchard Corp., and B.No. 270 Corp., ("Plaintiffs"), New York corporations, who file this Complaint against VT Halter Marine, Inc. and respectfully alleges as follows:

1.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because the dispute is between citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs.

2.

Plaintiffs are New York corporations with their principal places of business in the State of New York.

3.

Defendant, VT Halter Marine, Inc., is a Delaware corporation authorized to do and doing business within the State of Louisiana.

4.

On or about February 7, 2013, Plaintiffs entered into an ATB Unit Contract with Defendant, VT Halter Marine.

5.

In exchange for significant monetary compensation, this contract required Defendant to build a Twin Screw ATB Tugboat Classed ABS +A1 Ocean Towing, Dual Mode ATB, USCG Subchapter M. Defendant was also obligated to build one TB Barge. Collectively, Tug and Barge are referred to herein as the "Unit."

6.

In June of this year, Plaintiffs began experiencing two separate cargo contamination problems on the Barge B No. 272 associated with defective valves improperly designed and constructed by the Defendant. These malfunctioning valves, in conjunction with other improperly manufactured piping onboard the barge, have caused the Plaintiffs significant damage as will be described below. One of the primary purposes of these valves was to prevent leakage and to keep the cargos in the various tanks segregated.

7.

As soon as the problems were noticed by the Plaintiffs, Defendant was notified and given an opportunity to repair the problems. Defendant did not do so.

8.

As a result of the defective conditions described in the above paragraphs, the Unit has been rendered not suitable for its intended use.

## COUNT ONE – BREACH OF CONTRACT / BREACH OF WARRANTY

9.

Defendant has breached the Bouchard/Halter contract by failing to deliver to Plaintiffs a Unit suitable for its intended use. Specifically, Defendant has breached and violated all of the warranties set forth in the contract. Defendant has specifically breached its obligation to perform the contract in a good and workmanlike manner and in accordance with the specifications laid out in the contract. A vessel constructed and delivered with a defective valve system renders the vessel incapable of performing her commercial obligations to customers.

10.

Despite the fact that Plaintiffs gave Defendant the opportunity to remedy the above mentioned defects in accordance with the warranty provisions in the contract, Defendant has refused to fulfill its obligations and make the necessary repairs.

## COUNT TWO -- NEGLIGENCE

11.

In addition to breach of contract, Defendant has negligently constructed the Unit by failing to adhere to industry custom and practice and by constructing a Unit with the defects described above.

## COUNT THREE – BREACH OF WARRANTY AND WORKMANLIKE PERFORMANCE

12.

Defendant has further breached its obligation to construct the Unit in a workmanlike fashion and Defendant has breached its obligation of workmanlike performance in the construction of this Unit.

13.

As a direct result of Defendant's breach of contract, negligence and breach of warranty of workmanlike performance, Plaintiffs have suffered significant damages including, but not limited to, the following:

1. Cost of repair;

2. Downtime and/or loss of profits;

3. Other incidental expenses including, but not limited to, tug assistance and overhead costs;

4. Loss of business opportunities and business reputation;

5. Potential lost revenues in the future as a result of downtime;

6. Attorneys' fees and costs.

WHEREFORE, Plaintiffs, Bouchard Transportation Co., Inc., M/V Donna J Bouchard Corp., B.No. 272 Corp., M/V Kim M Bouchard Corp., and B.No. 270 Corp., pray that Defendant, VT Halter Marine, Inc., be duly served with a copy of this Complaint and cited to appear and answer, all and singularly, the allegations of the Complaint and after due proceedings are had, there be judgment herein in favor of Plaintiffs and against Defendant, VT Halter Marine,

Inc., in the full amount of all damages claimed which are reasonable in the premise, together with pre-judgment interest and costs, and any other relief which the Court deems appropriate.

        Respectfully submitted,

        */s/ Marc C. Hebert*
        MARC C. HEBERT (#23122)
        JONES WALKER LLP
        201 St. Charles Avenue
        New Orleans, Louisiana 70170-5100
        Telephone: (504) 582-8000
        Facsimile:   (504) 582-8015
        *ATTORNEY FOR PLAINTIFF, Bouchard Transportation Co.*