UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BOUCHARD TRANSPORTATION                    CIVIL ACTION
CO., INC. ET AL.

VERSUS                                      NO. 16-11264

VT HALTER MARINE, INC.                      SECTION "G" (2)

## ORDER AND REASONS ON MOTION

Plaintiffs filed a Motion for Leave to File Third Amending and Supplemental Complaint for Declaratory Relief and Damages. Record Doc. No. 19. Defendant filed a timely memorandum in opposition, Record Doc. No. 23, and plaintiffs received leave to file a reply memorandum. Record Doc. Nos. 25, 27, 28. IT IS ORDERED that the motion is GRANTED for the following reasons.

The policy of the Federal Rules of Civil Procedure is liberal in favor of permitting amendment of pleadings, and Rule 15(a) evinces a bias in favor of granting leave to amend. Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial. Stripling v. Jordan Prod. Co., 234 F.3d 863, 872 (5th Cir. 2000) (citing Foman v. Davis, 371 U.S. 178, 182 (1962); Leffall v. Dallas Indep. Sch. Dist., 28 F.3d 521, 524 (5th Cir. 1994); Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Am. Co., 195 F.3d 765, 770 (5th Cir. 1999); Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 597-98 (5th Cir. 1981)). Thus, "[t]he court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), but such leave "is by no means automatic." Wimm v. Jack Eckerd Corp., 3

F.3d 137, 139 (5th Cir. 1993) (quotation omitted).  Relevant factors to consider include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment."  Id.

These factors weigh entirely in favor of allowing the amendment.  There have been neither undue delays nor repeated failures to cure deficiencies in this case, which is in its infancy.  Plaintiffs filed this action alleging breach of contract, breach of warranty and negligence on June 22, 2016.  They immediately amended their complaint to add a particular amount of alleged damages and amended it a second time upon this court's order to clarify defendant's citizenship for purposes of diversity jurisdiction.  Record Doc. Nos. 2, 8, 11.  Less than one week later, plaintiffs filed the instant motion seeking leave to add two new named defendants, several fictitious insurance company defendants and two new causes of action against the original defendant, VT Halter Marine, Inc. ("Halter").  The new claims are for a declaratory judgment that the dispute between these parties is not subject to arbitration and for damages based on products and/or strict liability.  Halter has not yet answered the complaint as previously amended, and no scheduling order including the usual deadline for amending pleadings and adding parties has yet been entered.

Halter does not oppose the addition of the new defendants, but opposes the addition of new causes of action against it because it contends that all of plaintiffs' existing and proposed claims against it are subject to mandatory arbitration under the contract between it and plaintiffs. Thus, defendant contends that plaintiffs' proposed assertion of new claims in this litigation is in bad faith, would subject Halter to undue prejudice in the form of additional "public shaming" and is futile. In its opposition memorandum, Halter repeatedly cites to similar arguments it made in its pending Motion for Sanctions Pursuant to Fed. R. Civ. P. 11, Record Doc. No. 14. Halter also filed a Motion to Compel Arbitration after plaintiffs filed the instant motion. Record Doc. No. 24. Plaintiffs' deadline to oppose that motion is next week.

On the current record, the court cannot discern any undue prejudice to Halter from allowing the amendment. Although any defendant may be cast in a negative public light when it is sued, that is an inevitable consequence of the legal process. The negative publicity may already have occurred for Halter when this litigation commenced. Any additional alleged "public shaming" from adding new claims cannot be considered <u>undue</u> prejudice.

Such prejudice may occur "if an added claim would require the defendant to reopen discovery and prepare a defense for a claim different from the [one] . . . that was before the court." <u>Smith v. EMC Corp.</u>, 393 F.3d 590, 596 (5th Cir. 2004). The

3

addition of new claims under different legal theories based on the same transactions and occurrences only a month after this action was commenced does not cause undue prejudice.  Cf. Mayeaux v. La. Health Serv. & Indem. Co., 376 F.3d 420, 427 (5th Cir. 2004) (distinguishing between amendments that propose alternative legal theories of recovery, which "generally should be permitted," and those that "fundamentally alter the nature of the case," which "may be denied if the circumstances warrant;" and finding no abuse of discretion in denial of amendment that would have unduly prejudiced the original and proposed new defendants by allowing plaintiffs to plead "a fundamentally different case with new causes of action and different parties" after the case had been pending for years and was nearing the close of extensive discovery); Atrium Cos., Inc. v. ESR Assocs., Inc., No. 11-CV-1288, 2012 WL 4215103, at *8 (S.D. Tex. Sept. 18, 2012) (citations omitted) (denying leave to amend based on undue prejudice when defendant had invested considerable effort in finding and paying experts, attending hearings, drafting pleadings and conducting discovery over 18 months of litigation).

    The court cannot find that plaintiffs are in bad faith merely because they take a different view of the contract's terms and the applicable law regarding mandatory arbitration than defendant does.  The Fifth Circuit has defined bad faith generally as

> implying or involving actual or constructive fraud, or a design to mislead and deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake as to one's

4

>    rights or duties but by some interested or sinister motive.   The term bad faith means more than mere bad judgment or negligence, it implies the conscious doing of a wrong for dishonest or morally questionable motives.

Industrias Magromer Cueros y Pieles S.A. v. La. Bayou Furs Inc., 293 F.3d 912, 922 (5th Cir. 2002)) (interpreting Louisiana law).   Halter has not shown that plaintiffs, by seeking to litigate their plausible contentions, are in bad faith in any of these ways.

Finally, Halter has not demonstrated that the proposed amendment would be futile.   Futility in this context means "that the amended complaint would fail to state a claim upon which relief could be granted. . . .   [Thus,] to determine futility, we will apply the same standard of legal sufficiency as applies under Rule 12(b)(6)." Stripling, 234 F.3d at 873 (quotations and citations omitted); accord Fenghui Fan v. Brewer, 377 F. App'x 366, 367 (5th Cir. 2010).   "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'   'Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'"   In Re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)) (footnote omitted).

Plaintiffs' proposed amended complaint meets this facial plausibility standard by citing relevant portions of the contract, seeking a declaratory judgment that it is not

5

required to bring its claims to arbitration and adding a claim for products or strict liability under general maritime law to its breach of contract, warranty and negligence claims against Halter. Contrary to defendant's arguments, it appears that granting the instant motion to amend will facilitate the court's review of defendant's pending motions for sanctions and to compel arbitration by bringing all of plaintiffs' claims and defendant's arguments before this court. Accordingly, the motion to amend is granted.

New Orleans, Louisiana, this ___3rd___ day of August, 2016.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE